UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR - 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARY E. WILLIAMS,
    9731 Good Luck Road, Apartment 6
    Lanham, Maryland, 20706
        Plaintiff,

v.

GORDON R. ENGLAND, Secretary,
    DEPARTMENT OF THE NAVY,
        Defendant.

CASE NUMBER 1:06CV00409

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 03/6/2006

JURY ACTION

COMPLAINT OF MARY E. WILLIAMS FOR DISCRIMINATION,
RETALIATION UNDER TITLE VII, FOR VIOLATION OF FMLA
AND APPEAL FROM RULING OF MSPB

    1. Ms. Williams is a former employee of the Department of the Navy. Ms. Williams lives at 9731 Good Luck Road, Apt. 6, Lanham, Maryland 20706. She is 58 years old. She was Accounting Technician at the Naval Medical Information Management Center (NMIMC) in Bethesda, Md. NMIMC is a department of the Department of the Navy.

    2. Defendant Gordon R. England is Secretary of the Navy ("Navy" or "Agency"), a Department of the United States Government served by process at The Pentagon, Washington DC 20350. The Navy may also be served via the Department of Justice, 950 Pennsylvania Ave, N.W., Washington, D.C. 20350.

    3. Jurisdiction is proper under 5 USC 7703(b)(2) (Title VII and MSPB) and 42 USC 2617(1) (FMLA).

FACTUAL BACKGROUND

    4. Ms. Williams has suffered from serious health problems for several years. The Agency has been aware of these and has granted

leave for her health conditions in the past.

5. These health conditions have included gastritis and shoulder problems.

6. Ms. Williams has supplied the Agency certification from doctor O'Hora, that her serious medical conditions include gastritis (which, with her shoulder problems was responsible for her absences at issue in 2004).

7. Ms. Williams' work has been satisfactory, and she has received satisfactory performance appraisals.

8. The serious health condition of gastritis, is one that the Agency has been aware.

Violation of the Family Medical Leave Act and DC FMLA

9. Ms. Williams has been removed from her position by the Agency.

10. Ms. Williams has been removed in reprisal for exercising her right to take absences meeting the requirements for Family Medical Leave Act ("FMLA") leave, which is a violation of FMLA law. Ms. Williams has several serious medical conditions, including gastritis and vomiting which accounted for her absences, or virtually every absence.

11. Ms. Williams has always been able to take care of her work. Her latest performance evaluation showed acceptable performance in each element of her job through 6-30-04.

12. Ms. Williams' serious health conditions shown in her medical records include gastritis, vomiting, hepatitis, gallstones, hepatitis, pancreatitis. Ms. Williams has had several of these serious medical conditions since at least 2001 of which the NMIMC

has been aware.

13. Ms. Williams has had several serious health conditions over the last at least 4 years and has had to take time off for these conditions. Ms. Williams submitted numerous medical notes. Ms. Williams submitted medical information to substantiate her absences. These absences were due to serious health conditions meeting the requirements for FMLA leave. Ms. Williams also completed and submitted forms meeting the statutory requirments to substantiate FMLA leave to cover these absences.

14. However, the proposal for removal was specifically based on absences due to serious health conditions meeting the requirements for FMLA leave, and based on past leave use and absences due to medical conditions. The removal decision approved the same proposal.

15. As the removal was based on these absences meeting the requirements for FMLA leave and in reprisal for requesting FMLA leave, the removal must be reversed as it is a violation of FMLA rights and may not be sustained. See e.g. 42 USC 2617(1) and DC Code 32-509(b)(6).

16. Ms. Williams has indicated that her serious health conditions were the reasons that she could not attend work on the days in question. Ms. Williams stated that she was ill on these dates. The burden then shifts to the Ageny to show that it properly denied FMLA leave. An employee is not required to invoke the family medical leave act in order to qualify for said leave. An Agency may not deny an employee FMLA leave for failure to follow the Agency's leave procedures. Id.

17. Ms. Williams has suffered several serious health conditions such as gastritis (incapacitating severe stomach illness, vomiting). In addition Ms. Williams has several other serious health condtions, that contributed to absences such as rheumatic arthritis in her shoulder, urinary tract infections and kidney problems.

18. Ms. Williams's supervisor and the Agency was aware of Ms. Williams' gastritis before it denied leave for periods when she was incapacitated from work due to this serious health condition.

19. Ms. Williams had never taken FMLA leave and had 3 months of FMLA leave available to cover these serious medical conditions causing the two weeks of absences in 2004. She also requested information on the Navy leave donor program, but has not received same.

20. Upon request of the agency, Ms. Williams provided an FMLA form signed by Ms. Williams' primary care physician to support Ms. Williams' request for FMLA leave during 2004.

21. Ms. Williams did not comprehend when given a FMLA packet in 1994 of her rights until she consulted with counsel. Records of the office show no one else in the office requested FMLA leave during 2004.

22. Once Ms. Williams consulted with counsel, she specifically contacted her physician and submitted the form given to her in for FMLA leave.

Ms. Williams' Performance as Accounting Technician

23. Ms. Williams has had a performance record of at least

successful for this entire employment.

24. Ms. Williams is also a disabled goverment worker (chronic phlebitis, difficulty walking, degenerative joint disease, chronic gastritis) and has had a Naval approved disabled parking sticker for many years (since before 2001).

25. The above actions constitute violation of the FMLA and DCFMLA.

Reprisal and Discrimination against Ms. Williams Under Title VII

26. This removal is also motivated against Ms. Williams in reprisal for her EEO complaints and testimony on discrimination resulting from the Agency's discriminatory treatment and alleged harassment of Ms. Williams and others. It was also in reprisal and discriminatory from her use of sick leave, race and assertion of FMLA rights, in part because of her disabilities and her assertion of her rights. Lt. Tabb also created a hostile work environment, including going around the workplace displaying to several unwilling older women, including Ms. Williams, a drawing of a penis and male genitalia. This proposal to remove and removal is another instance of such a hostile work environment.

27. Ms. Williams has also been removed for raising issues of a supervisor (Lt. Tabb's) violation of EEO practices to her supervisor (Tabb), and for raising issues of Tabb's sexual harassment in an EEO complaint and in testifying about Tabb's discriminatory conduct in an official 1994 Navy investigation into hostile work environment at NMIMC, in which Ms. Williams was

interviewed and gave a sworn statement. Ms. Williams was absent from work in March and July 2004, yet no discipline was proposed until after Ms. Williams gave her statements in the EEO matters. This is reprisal discrimination under Title VII. 42 USC 2000.

28. Ms. Williams is also an older (58) year old worker. Lt. Tabb has singled out her and other older african-american workers for discipline, so Ms. Williams believes this removal is also discriminatory for age, race and for Ms. Williams' undisputed disabilities.

29. Ms. Williams has suffered increased health problems due to harassment. She has an operation scheduled very soon. She has experienced extreme stress and anxiety as a result of her unfair treatment. Ms. Williams is entitled to damages under Title VII.

### Reversal of MSPB Decision

30. The Merit System Protection Board of the United States, located in Washington, D.C. issued an order dated February 1, 2004 upholding an initial decision by an administrative judge upholding Ms. Williams' removal. That order and the decision were in error and must be reversed.

### The Weight of Evidence

31. The weight of evidence does not support the specifications at issue, nor are these medical absences sufficient grounds for removal or charges of AWOL in light of the evidence. Under Navy regulations, FMLA qualifying leave cannot be treated as AWOL.

32. The proposed action is based on a total of about 15 days leave under the FMLA.

33. For each of these days, Ms. Williams was absent for medical reasons. She has presented FMLA documentation where requested to the deciding official of her serious health conditions, pursuant to his granting time for this submission, on 12-24-04.

34. Specification a. alleged AWOL for four workdays, 9/9-10 and 9/13-14/04. Ms. Williams called in stating she had ill health on each day. She presented hospitalization documents showing her admission for gastritis and other conditions on 9/7/04 and 9/15/04. Ms. Williams stated to the deciding official that she was absent due to gastritis and other serious health conditions for these days, and upon request of the deciding official provided her treating doctor's FMLA certification that she has been suffering from gastritis and other conditions.

35. Specification b. went back in time two months to allege AWOL for five workdays, 7/27-30/04 and 8/2/04. The illness was for gastritis and other conditions. Ms. Williams called in stating she had ill health on four of the five days, including the beginning and end dates. Ms. Williams stated to the deciding official that she was absent due to gastritis and other serious health conditions for these days, and upon request of the deciding official provided her treating doctor's FMLA certification that she has been suffering from gastritis and other conditions.

36. Specification c. went back in time six months to allege AWOL for six workdays from 3/25-26, 2004 and 3/29-4/2, 2004. Ms.

Williams called in each day of the absences. She stated on at least 4 of the six days that she was ill and that she had been released from the hospital on 4/1/04. Ms. Williams provided a signed doctor's note for three of the six days. Ms. Williams stated to the deciding official that she was absent due to gastritis and other serious health conditions for these days, and upon request of the deciding official provided her treating doctor's FMLA certification that she has been suffering from gastritis and other conditions.

<u>Agency duty to impose the least burdensome penalty</u>

37. Finally, the agency has failed to show that Ms. Williams cannot be rehabilitated or that the weight of evidence reasonably supports more than a warning, particularly after her 20 years in federal service. It is the Agency's duty to impose the least budensome penalty possible, and using the principles of progressive discipline. <u>See, e.g. Givens v. National Gallery of Art</u>, DC-0752-98-0287-I-1 (4-1-98); <u>Clark v. National Gallery of Art</u>, DC 0752-98-0834-I-1 (1-19-99). The deciding official impermissibly considered the Douglas factors as "aggravating factors" based on lack of knowledge or misinformation. The <u>Douglas</u> factors cannot legally be used in this way. <u>See Givens, supra</u>., at 2

38. The decision violates the agency's own rules by charging AWOL when Ms. Williams cited medical reasons relating to serious health conditions. Under Navy regulations, FMLA leave cannot be treated as AWOL.

39. Here granting FMLA leave, with perhaps some days from the leave donor program, all is clearly a less burdensome resolution.

Ms. Williams' 20 years of federal service were not given proper weight. Nor were her years of performance ratings of fully satisfactory or better.

40. There is no support for the summary conclusion in the decision letter that any action Ms. Williams has taken has "created increased work for others" or "created an increased burden on the department." Ms. Felton will so testify.

41 The proposal stated that Ms. Williams did not have sick leave accrued. An agency's approval of sick leave for absences prevents the agency from removing an employee based on those absences. See Williams v. Department of the Army, 24 MSPR 537, 541 (1984).

42. Ms. Williams requests reversal of the Final Order and Initial Decision of the MSPB.

Request for Relief.

43. Pursuant to the FMLA, Ms. Williams requests reinstatement, back wages and unemployment benefits lost, actual moneatry losses, plus interest, and liquidated damages of the same amount. 42 USC 2617(1).

44. Pursuant to the DCFMLA, Ms. Williams requests the same relief and consequential damages. DC Code 32-509(b)(6).

45. Pursuant to Title VII (discrimination and reprisal), Ms. Williams requests reinstatement, compensatory damages, attorney fees and costs. 42 USC 2000.

46. In reversal of the MSPB decisions, Ms. Williams is asking for reinstatement, with back pay, consequential damages and attorney fees and costs. She is seeking compensatory damages for

mental distress.

WHEREFORE, PREMISES CONSIDERED, Ms. Williams respectfully requests all the above relief and all such other relief as to which the Court may rule she is entitled. Ms. Williams requests a trial by jury.

March 6, 2006

Respectfully submitted,

_____
Brian C. Plitt, Attorney At Law
DC Bar 408746
1239 C Street, S.E., Ste. 4
Washington, D.C.  20003
(202) 546-5493
REPRESENTATIVE FOR MS. WILLIAMS