UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY E. WILLIAMS,
    Plaintiff,
v.                          Civil Action No. 06 0409
                                       RBW
GORDON R. ENGLAND, Secretary,
    DEPARTMENT OF THE NAVY,
    Defendant.

_____

    <u>Ms. Williams' Motion to Extend the Time for Service
of Summons and Complaint on Defendant through August 25, 2006</u>

    1. Ms. Mary Williams, plaintiff, filed her complaint in this case on Mar. 6, 2006.

    2. Ms. Williams' complaint challenges her removal as a federal employee, at age 58, asserting that she was removed in reprisal for exercising her right to take Family Medical Leave for serious health conditions, including gatritis and hepatitis, under the Family Medical Leave Act and DC FMLA, and asserting her removal was also due to discrimination and reprisal as defined under Title VII.

    3. Service of summons and complaint is directed to be made within 120 days after filing of the complaint. Fed. R. Civ. Proc. 4(m).

    4. Rule 4(i) provides that Service upon an Agency of the United States (such as the United States Navy) may be effected by <u>sending a copy of the summons and complaint by</u>

<u>registered or certified mail</u> to the civil process clerk at the Office of the United States Attorney, to the Attorney General of the United States, and to the Agency itself.

    5. Within the 120 day period after filing her complaint, on June 30, 2006, Ms. Williams did attempt service on the United States, serving a copy of the summons by personal service on the Secretary of the Navy, and, on the same date, sending a copy by certified mail, return receipt requested to the Office of the United States Attorney and the Attorney General.  <u>See</u> Declaration of Service of Process (of Jacqueline Carter) attached.

    A return receipt was received showing delivery of the summons to the U.S. Attorney on 7/3/06.  <u>See</u> Declaration of Service of Process (of Jacqueline Carter) attached.

    6.  Inadvertantly, however, Ms. Williams did not include a copy of the complaint in this service.  <u>See</u> Declaration of Service of Process (of Jacqueline Carter) attached.

    7.  Realizing error in service, following this Court's Order to Show Cause, Ms. Williams had a set of summons' reissued (on August 14, 2006) and has reserved defendant as of August 17, 2006.

    8.  Ms. Williams has <u>sent a copy of the summons and complaint by certified mail</u>, return receipt requested to the

Office of the United States Attorney and the Attorney General on August 17, 2006. <u>See</u> Declaration of Service of Process (of Sharon Jenkins), attached. Receipts for this mailing on August 17, 2006 are attached hereto. (Exhibit A) Ms. Williams also <u>sent a copy of the summons and complaint by certified mail</u>, return receipt requested on August 17, 2006, to the Secretary of the Navy. Receipt for this mailing on August 17, 2006, is also attached hereto (Exhibit B).

    9.  In an abundance of caution, to be sure the summons and complaint was received by defendant, Ms. Williams also served the Secretary of the Navy personally, on August 17, 2006 through his designated agent, the Navy litigation office. <u>See</u> Declaration of Service of Process (of Sharon Jenkins), attached.

    10.  Therefore, as of August 17, 2006, Ms. Williams has effected service on the United States (Department of the Navy), by mailing a copy of the summons and complaint to United States Attorney, the Attorney General, and the Department of the Navy.

    11.  Out of an abundance of caution, Ms. Williams requests an enlargement of time to make service on the defendant through August 25, 2006 (to allow the summons and complaint to be reasonably received) and certainly through August 17, 2006, the date service was effected through

mailing, as required by the Rule.

### Memorandum of Points and Authorities

12. If service of a copy of the Summons and Complaint is not completed during 120 days after filing a complaint, the Court may direct that service be effected within a specified time. Fed. R. Civ. Proc. 4(m). The Court also, upon good cause shown for the failure to serve, "shall extend the time for service for an appropriate period."

13. As stated in the annotations, Rule 4(m) authorizes the Court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. It also explicitly provides that the Court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days. Advisory Committee Notes, 1993 Amendments, Rule 4(m).

14. Here, while apologizing for the oversight in the originial attempt at service, in serving only the summons and not the complaint in this matter, Ms. Williams has shown good cause for allowing additional time for service on defendant (through August 25, 2006), by obtaining reissued summonses and serving the defendant with a copy of the summons and complaint on August 17, 2006 by mailing, as required by Rule 4(i).

15. Rule 1 provides that the rules shall be contrued to

secure the just determination of every action.  Fed.R.Civ. Proc 1.  Here allowing for service to be perfected, will serve the cause of justice by allowing for this case to be determined on its merits.  16.

16.  Here, even if good cause is not explicitly found, Ms. Williams, requests that this court extend the time for service to allow this case to go forward and relieve her of a punitive application of the Rule.  Relief is justified if the statute of limitations would bar the refiled action.  E.g. Ditkof v. Ownes-Illinois, Inc, 114 F.R.D. 104 (E.D. Mich. 1987).

Here, Ms. Williams has filed her complaint and made efforts to serve defendant within the time for service.  When the defect in service was recognized, Ms. Williams has obtained reissued summons' and perfected service.

Therefore, Ms. Williams respectfullly requests enlargement of time for service of the summons and complaint on defendant to and through August 25, 2006.

Respectfully submitted,

August 18, 2006

/s/
_____
Brian C. Plitt, Attorney at Law
1239 C. St., SE, Ste. 4
Washington, D.C.  20003
(202) 546-5493

Attorney for Ms. Mary Williams

Case 1:06-cv-00409-RBW    Document 3    Filed 08/18/2006    Page 6 of 7

Attorney for Ms. Mary Williams