# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MARY E. WILLIAMS**           )
                                        )
           **Plaintiff,**       )
        **v.**                )     **Case No: 06-0409 (RBW)**
                                          )     **ECF**
**GORDON R. ENGLAND, Secretary**  )
**Department of the Navy**           )
                                        )
          **Defendant.**     )
_____)

## DEFENDANT' S MOTION TO TRANSFER VENUE

Defendant, by and through counsel, respectfully moves the Court, pursuant to Fed. R. Civ. P. 12(b)(3), for an Order transferring this case from the District of Columbia to the United States District Court for Maryland. The grounds for this Motion to Transfer Venue are more particularly set forth in the Statement of Facts and Conclusions of Law filed in support of this Motion. Respectfully submitted this 25th day of October, 2006.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/

_____

HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MARY E. WILLIAMS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No: 06-0409 (RBW)** |
| | ) | **ECF** |
| **GORDON R. ENGLAND, Secretary** | ) | |
| **Department of the Navy** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION FOR TRANSFER OF VENUE

Defendant, by and through counsel, respectfully submits this Memorandum in support of his Motion to Transfer Venue from the District of Columbia to the United States District Court for the District of Maryland.

### Introduction

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Family Medical Leave Act, 42 U.S.C. § 2617(1). Plaintiff Mary Williams is claiming discrimination and reprisal relating to her removal from an Accounting Technician position with the United States Department of Navy (" USDN") at the Naval Medical Information Management Center (" NMIC") in Bethesda, Maryland. See Complaint, p. 1-2. Plaintiff was removed from her position by management at the Department of Navy, NMIC in Bethesda, Maryland. See Declaration of Richard Greenberg ¶ 7. The Plaintiff and the managing officials were stationed at the NIMC in Bethesda, Maryland at all times pertinent to this action, Id. at ¶ ¶ 2,5, and 7. Further, the activities giving rise to the removal took place in Bethesda, Maryland

and her official employment records are located in Silverdale, Washington or the National

Archives in St. Louis, Missouri. Id. at ¶ ¶  3,4, and 7.

## DISCUSSION

Plaintiff's complaint should be dismissed for improper venue.  A challenge to venue is

properly raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3).  Turbeville v. Central

Intelligence Agency, 525 F. Supp. 1070, 1072 (D.D.C. 1981).   In Title VII actions, venue is

governed by 42 U.S.C.  §2000e-5(f)(3), which states:

> Such an action may be brought in any judicial district in the state
> in which the unlawful employment practice is alleged to have
> been committed, in the judicial district in which the employment
> records relevant of such practice are maintained and
> administered, or in the judicial district in which the aggrieved
> person would have worked but for the alleged unlawful
> employment practice, but if the respondent is not found within
> any such district, such an action may be brought within the
> judicial district in which the respondent has his principal office . .
> . .

This statute preempts all other federal venue provisions that otherwise might apply.  See

Stebbins v. State Farm Mutual Automobile Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969),

cert. denied, 369 U.S. 895 (1969).

Specifically, this venue provision identifies three preferred forums for Title VII suits:

(1) where the alleged unlawful employment practice was committed; (2) where the employment

records relevant to the practice are maintained; and (3) where the aggrieved party would have

worked but for the alleged unlawful employment practice.  Only if the defendant (or

respondent) cannot be found in one of those three districts can an action be brought in the

judicial district where the respondent has its principal office.  42 U.S.C. § 2000e-5(f)(3);  See,

-2-

Stebbins v. State Farm Mut. Auto Ins. Co., 413 F.2d 1100, 1103 (D.C. Cir. 1969); Archuleta v. Sullivan, 725 F. Supp. 602, 604-05 (D.D.C. 1989); Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983); Turbeville, 525 F. Supp. at 1072; Choi v. Department of Transportation, No. 89-1855 SSH, 1990 WL 605543, *1,  2 (D.D.C. Sept. 26, 1990).

In the instant action, venue is improper in the District of Columbia.  For each of the three forums listed in the statute, the appropriate venue is the United States District Court in the District of Maryland.  In regards to the first identified forum, " where the alleged unlawful employment practice was committed," all the events leading up to the alleged unlawful dismissal occurred in Bethesda, Maryland. 42 U.S.C. §2000e-5(f)(3).  The site where Plaintiff was employed is Bethesda, Maryland and her official employment records are maintained in Silverdale, Washington.  Greenberg Declaration at ¶ ¶ 3-4 .  The position Plaintiff officially occupied, as Accounting Technician, was located in Bethesda.  Id. at ¶ 5.  Plaintiff, while employed with USDN worked solely in the NIMC in Bethesda, Maryland.  Id.   Furthermore, the removal, was initiated and signed by management in Bethesda, Maryland.  Id. at 7.  The discrimination Plaintiff alleges in this case allegedly emanated from NIMC in the Bethesda offices, not from the District of Columbia.

In regards to the second forum where Title VII establishes venue, "where the employment records *relevant* to the practice are maintained," that is clearly met in Maryland, but is not satisfied in Washington, D.C.  42 U.S.C. §2000e-5(f)(3) (emphasis added).  Plaintiff's OPF is maintained in Washington, and her Adverse Action File, which contains all the official papers regarding her removal, are also in Washington.  No relevant employment records are maintained in Washington, D.C.  Id. at ¶ 3.

-3-

The last forum, which Title VII ordains to be permissible, is " where the aggrieved party would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)3. Plaintiff would still be employed at the Bethesda location, but for the supervisor's initial proposal to remove her.

For the purpose of assessing correct venue, the facts point to only Maryland. Plaintiff can furnish no basis to find venue appropriate in the District. By contrast, under the three governing factors of Section 2000e5(e)(3): the place of discrimination; where plaintiff would have worked but for the alleged discrimination; and the place where relevant employment records are maintained, venue clearly lies in Maryland and not the District of Columbia.

To the extent Plaintiff asserts venue pursuant to the Family Medical Leave Act, his claim must fail. Pursuant to 28 U.S.C. §1391(e), such a claim would fail because Plaintiff cannot meet any of the following prerequisites, namely the District of Columbia is not a District in which : (1) a defendant in this action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Thus, venue does not exist herein pursuant to the Family Medical Leave Act.[1]

---

[1] The Courts do not countenance splitting a complaint where venue would properly lie in another jurisdiction over all claims, and clearly the FMLA and Title VII claims could proceed in Maryland under each of the applicable venue provisions. See Jyachosky v. Winter, Civil Action No. 04-01733 HHK, 2006 WL 1805607, *1 -*6 (D.D.C. June 29, 2006) (citing Saran v. Harvey, Civil Action No. 04-1847 JDB, 2005 WL 1106347, at *4 (D.D.C. May 9, 2005) (" When venue is improper for a Title VII claim, courts have consistently transferred the entire case, pursuant to U.S.C. § 1406 (a), to judicial district where venue is appropriate for all claims, rather than split a case apart.")).

## <u>CONCLUSION</u>

For the reasons discussed above, and in the interest of justice, convenience of the parties and judicial economy, the Government moves to transfer venue in that venue is not proper in the District of Columbia, but rather is appropriate in the District of Maryland.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530
(202) 305-1334