```
                UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```
_____

MARY E. WILLIAMS,
    Plaintiff,
v.                                    Civil Action No. 06 0409
                                                        RBW

GORDON R. ENGLAND, Secretary,
    DEPARTMENT OF THE NAVY,
    Defendant.

_____

    <u>Ms. Williams' Motion to Extend the Time for Service of Summons and Complaint on Defendant through August 30, 2006</u>

    1. Ms. Mary Williams, plaintiff, filed her complaint in this case on Mar. 6, 2006.

    2. Ms. Williams' complaint challenges her removal as a federal employee, at age 58, asserting that she was removed in reprisal for exercising her right to take Family Medical Leave for serious health conditions, including gatritis and hepatitis, under the Family Medical Leave Act and DC FMLA, and asserting her removal was also due to discrimination and reprisal as defined under Title VII.

    3.  Service of summons and complaint is directed to be made within 120 days after filing of the complaint.  Fed. R. Civ. Proc. 4(m).

    4.  Rule 4(i) provides that Service upon an Agency of the United States (such as the United States Navy) may be effected by <u>sending a copy of the summons and complaint by registered or certified mail</u> to the civil process clerk at the Office of the United States Attorney, to the Attorney General of the United States, and to the Agency itself.

    5. Within the 120 day period after filing her complaint, on June 30, 2006, Ms. Williams did attempt service on the United States, serving a copy of the summons by personal service on the Secretary of the Navy, and, on the same date, sending a copy by certified mail, return receipt requested to the Office of the United States Attorney and the Attorney General.

    A return receipt was received showing delivery of the summons to the U.S. Attorney on 7/3/06.

    6.  Inadvertantly, however, Ms. Williams did not include a copy of the complaint in this service.

    7.  Realizing error in service, following this Court's Order to Show Cause, Ms. Williams had a set of summons' reissued (on

August 14, 2006) and reserved defendant as of August 17, 2006.

    8.  Ms. Williams <u>sent a copy of the summons and complaint by certified mail</u>, return receipt requested to the Office of the United States Attorney and the Attorney General on August 17, 2006. <u>See</u> Declaration of Service of Process (of Sharon Jenkins), attached to first Motion to Enlarge Time for Service of Summons ("Motion to Enlarge"). Receipts for this mailing on August 17, 2006 were attached to Ms. Williams' first Motion to Enlarge (as Exhibit A). Ms. Williams also <u>sent a copy of the summons and complaint by certified mail</u>, return receipt requested on August 17, 2006, to the Secretary of the Navy. Receipt for this mailing on August 17, 2006, was attached to Ms. Williams' first Motion to Enlarge (as Exhibit B).

    9. Therefore, as of August 17, 2006, Ms. Williams effected service on the United States (Department of the Navy), by mailing a copy of the summons and complaint to United States Attorney, the Attorney General, and the Department of the Navy.

    10.  Out of an abundance of caution, Ms. Williams requested an enlargement of time to make service on the defendant through August 25, 2006 (to allow the summons and complaint to be reasonably received).

    11.  This Motion was Granted by this Court.

    12.  Since that time, Ms. Williams has received back the signed certified return mail receipts, which confirm service on the Defendant.

    13.  Exhibit A to this Motion shows the stamped certified return receipt (corresponding to Exhibit B of the previous motion) for the defendant Department of the Navy showing receipt of Ms. Williams' summons and complaint by Aug. 24, 2006. The covering letter also acknowledges proper service on the Department and the Navy's intent to answer within 60 days of service. Exhibit B to this Motion shows the signed certified return receipts (corresponding to Exhibit A of the previous motion) showing receipt by the U.S. Attorney General on Aug. 21, 2006 of the summons and complaint and by the U.S. Attorney on Aug. 30, 2006 (13 days after mailing).

    14.  Therefore, Ms. Williams would respectfully request that this Honorable Court extend the time for service of process

<u>Memorandum of Points and Authorities</u>

    15.  If service of a copy of the Summons and Complaint is not completed during 120 days after filing a complaint, the Court may direct that service be effected within a specified time. Fed. R. Civ. Proc. 4(m). The Court also, upon good cause shown for the failure to serve, "shall extend the time for service for an appropriate period."

16. As stated in the annotations, Rule 4(m) authorizes the Court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. It also explicitly provides that the Court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days. Advisory Committee Notes, 1993 Amendments, Rule 4(m).

17. Here, in mailing the summons and complaint and receiving back the certified receipts, Ms. Williams has shown good cause for allowing additional time for service on defendant (through August 30, 2006), by mailing, as required by Rule 4(i).

18. Rule 1 provides that the rules shall be contrued to secure the just determination of every action. Fed.R.Civ. Proc 1. Here allowing for service to be perfected, will serve the cause of justice by allowing for this case to be determined on its merits. 16.

19. Here, even if good cause is not explicitly found, Ms. Williams, requests that this court extend the time for service to allow this case to go forward and relieve her of a punitive application of the Rule. Relief is justified if the statute of limitations would bar the refiled action. E.g. Ditkof v. Ownes-Illinois, Inc, 114 F.R.D. 104 (E.D. Mich. 1987).

Here, Ms. Williams has filed her complaint and made efforts to serve defendant within the time for service. When the defect in service was recognized, Ms. Williams has obtained reissued summons' and perfected service.

Therefore, Ms. Williams respectfullly requests enlargement of time for service of the summons and complaint on defendant to and through August 30, 2006.

Respectfully submitted,

Nov. 3, 2006

/s/

_____

Brian C. Plitt, Attorney at Law

1239 C. St., SE, Ste. 4
Washington, D.C.  20003
(202) 546-5493

Attorney for Ms. Mary Williams

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

MARY E. WILLIAMS,
    Plaintiff,
v.                                                   Civil Action No. 06 0409
                                                                  RBW
GORDON R. ENGLAND, Secretary,
    DEPARTMENT OF THE NAVY,
    Defendant.
_____

## Order

    Upon Consideration of Ms. Williams' Motion to Extend the Time for Service of Summons and Complaint through August 30, 2006, any response and a review of the file, it appears that the Motion should be and hereby is GRANTED.

    It is hereby ORDERED, ADJUDGED AND DECREED, that the time for Service of Ms. Williams' Summons and Complaint on Defendant is extended through August 30, 2006.

    SO ORDERED, this ____ day of _____, 2006.

                                                _____
                                                Reggie B. Walton
                                                United States District Judge